**Charles R. HOWELL, Commissioner of Banking and Insurance of the State of New Jersey,**

v.

**CITIZENS FIRST NATIONAL BANK OF RIDGEWOOD, Appellant.**

No. 16452.

United States Court of Appeals Third Circuit.

Argued Oct. 3, 1967.

Decided Nov. 22, 1967.

---

Walter W. Weber, Jr., Weber, Muth & Weber, Ramsey, N. J., for appellant.

Marilyn Loftus Schauer, Asst. Atty. Gen., Dept. of Law and Public Safety, Division of Law, Trenton, N. J. (Arthur J. Sills, Atty. Gen., of New Jersey, Trenton, N. J., on the brief), for respondent.

Before STALEY, Chief Judge, and MARIS and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

The plaintiff, Charles R. Howell, Commissioner of Banking and Insurance of the State of New Jersey, brought this action in the District Court for the District of New Jersey against the defendant, Citizens First National Bank of Ridgewood, for injunctive and declaratory relief. The complaint alleged that the defendant had merged with the former First National Bank and Trust Company of Ramsey, located in Ramsey, New Jersey, after which the defendant operated its Ridgewood, New Jersey, office as its principal office and the Ramsey office of the merged bank as a branch office; that subsequently, the defendant filed an application with the Comptroller of the Currency of the United States for permission to establish a branch office in the Interstate Shopping Center at Ramsey which the Comptroller approved and which the defendant, shortly thereafter, commenced to operate. The complaint sought a judgment declaring the operation of the second branch to be in violation of federal and state laws and prayed for an injunction restraining its operation.

The question which the case presents is whether under the statute law of New Jersey, to the extent that it is made applicable to national banks by the federal law, the defendant was empowered, with the approval of the Comptroller of the Currency to establish and operate a second branch office in Ramsey. Taking the view that this was a question of state law as to which the decisions of the New Jersey courts would be authoritative, but as to which they had not yet clearly spoken, the district court entered an order staying the proceedings pending the institution by the plaintiff of a suit in the New Jersey courts to determine the question and directing dismissal of the present action when that suit is commenced. It was from that order that the appeal now before us was taken.

■ While it is settled that it may be appropriate for a federal court to decline to exercise its jurisdiction or to postpone such exercise and remit the parties to the state courts in a case which involves a decisive issue of unsettled state law,[1] we are satisfied that the case now before us is not one which is appropriate for such abstention.

The basic statutory authority for a national bank to establish branch offices within the state outside the municipality in which its principal office is located is contained in clause (2) of paragraph (c) of section 5155 of the Revised Statutes, as amended by section 23 of the Banking Act of 1933, which provides, in pertinent part, as follows:

"(c) A national banking association may, with the approval of the Comp-

[1]. Railroad Commission of Texas v. Pullman Co., 1941, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; Burford v. Sun Oil Co., 1943, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424; Alabama Public Service Commission v. Southern R. Co., 1951, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002; Louisiana P. & L. Co. v. Thibodaux City, 1959, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058; Harrison v. N.A. A.C.P., 1959, 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152; Martin v. Creasy, 1959, 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d 1186. But see Allegheny County v. Frank Mashuda Co., 1959, 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163.

troller of the Currency, establish and operate new branches: (1) Within the limits of the city, town or village in which said association is situated, if such establishment and operation are at the time expressly authorized to State banks by the law of the State in question; and (2) at any point within the State in which said association is situated, if such establishment and operation are at the time authorized to State banks by the statute law of the State in question by language specifically granting such authority affirmatively and not merely by implication or recognition, and subject to the restrictions as to location imposed by the law of the State on State banks. * * * " 12 U.S.C.A. § 36(c).

The New Jersey statute involved is section 19 of the Banking Act of 1948, which, in pertinent part, provides as follows:

"A. Any bank or savings bank may, pursuant to a resolution of its board of directors or board of managers, establish and maintain branch offices, subject to the conditions and limitations of this article.

"B. No bank or savings bank shall establish or maintain a branch office which is located outside the municipality in which it maintains its principal office; except that a bank or savings banks may establish and maintain a branch office or offices anywhere in the same county as that in which it maintains its principal office

(1) when such bank is a receiving bank as defined in section 132, or a receiving savings bank as defined in section 205, and each proposed branch will be established at a location occupied by the principal office or a branch office of a merging bank, as defined in section 132, or a merging savings bank, as defined in section 205; or

(2) when each proposed branch will be established at a location occupied by the principal office or a branch office of a banking institution in liquidation or in contemplation of liquidation; or

(3) when each proposed branch will be established in a municipality in which no banking institution has its principal office or a branch office." N.J.S.A. 17:9A–19.

 A close reading of the federal statute discloses that the precise question presented to the district court for decision in the present case is not whether the New Jersey statute, as construed and applied in that State by its Commissioner of Banking and its courts, grants to a State bank in the defendant's position authority to establish a second branch office in Ramsey, but rather whether, to quote the words of the statute, it does so "affirmatively" on its face "and not merely by implication or recognition." The legislative history of the Banking Act of 1933 does not indicate with any clarity just why the Congress adopted this restrictive mechanical rule for determining the applicability of State branch banking statutes to national banks. What history there is indicates that the Congress was concerned to permit branch banking in a state only if the state by express statute has authorized it.[2] In any event it is clear that the rule was intended by the Congress to limit the applicability to national banks of state branch banking laws solely to such authority as is expressly granted by a statute. Thus the determination of the extent of the application of a state branch banking statute to a national bank under the federal Banking Act of 1933 is purely a question of federal law, a question to be decided by reading the state statute through lenses prescribed by the Congress. A decision by the state courts as to the meaning and application of a state branch banking statute would not be conclusive on the federal courts as to this federal question and might be wholly irrelevant. For the state courts might well consider the legis-

---

**2.** See the Senate debates upon a prior bill, S. 4412, 72d Cong., upon which the Banking Act of 1933, as passed, was largely based. 76 Cong.Rec. 1449, 1997, 2205, 2207–8.

lative history of such a statute, its over-all provisions, its general scheme and its administrative interpretation, and reach the conclusion that it granted the branch banking authority by implication or recognition even though it clearly did not do so by affirmative language. It is such a construction as this of a state branch banking statute which the federal statute expressly denies to the Comptroller of the Currency and the national banks which he supervises.

It will thus be seen that the present case involves a purely federal question, the meaning of the New Jersey branch banking statute for the purposes of clause (2) of paragraph (c) of section 5155 of the Revised Statutes, as amended, and under the interpretive criteria laid down in that clause. See Union Savings Bank of Patchogue v. Saxon, 1964, 118 U.S.App.D.C. 296, 335 F.2d 718, 723. The question is accordingly one which the district court should proceed to consider and decide, and as to which its abstention in favor of the state courts is not appropriate.

The order of the district court will be reversed and the cause remanded to the district court for further proceedings not inconsistent with this opinion.